# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

## No. 22-50612

_____

DC OPERATING, L.L.C.,
DOING BUSINESS AS DREAMS;
NUVIA HEIDI MEDINA;
MICHELLE CORRAL,

*Plaintiffs – Appellants.*

v.

ATTORNEY GENERAL KEN PAXTON, IN HIS OFFICIAL CAPACITY;
ED SERNA, IN HIS OFFICIAL CAPACITY AS EXECUTIVE
DIRECTOR OF THE TEXAS WORKFORCE COMMISSION;
UNKNOWN COMMISSIONER OF THE TEXAS
DEPARTMENT OF LICENSING AND REGULATION;
RICHARD D. WILES, IN HIS OFFICIAL CAPACITY AS
SHERIFF OF EL PASO COUNTY, TEXAS;
RICARDO A. SAMANIEGO, IN HIS OFFICIAL
CAPACITY AS COUNTY JUDGE OF EL PASO
COUNTY, TEXAS

*Defendants – Appellees*.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS, EL PASO IN CASE NO. 3:22-CV-10,
FRANK MONTALVO, U.S. DISTRICT JUDGE

## BRIEF FOR APPELLANT

EDUARDO N. LERMA, SR., ESQ.
SBOT No. 12221300
*Attorney for Plaintiffs-Appellants*

1417 Montana Avenue
El Paso, Texas 79902
(915) 533-0177
Enl1417@aol.com

# CERTIFICATE OF INTERESTED PERSONS

DC Operating,
   *Plaintiffs – Appellants.*

v.

Paxton,
   *Defendants – Appellees.*

_____

     Pursuant to Fifth Circuit Rule 28.2.1, the undersigned counsel of record certifies that the following listed persons and entities have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. **Plaintiffs–Appellants**
   (a) DC Operating, L.L.C., doing business as Dreams;
   (b) Nuvia Heidi Medina; and,
   (c) Michelle Corral.

2. **Counsel for Plaintiffs–Appellants at Trial and Appeal**
   Eduardo N. Lerma, Sr.
   1417 Montana Avenue
   El Paso, Texas 79902-5617
   915-533-0177
   ENL1417@aol.com

3. **Defendants–Appellees**
   (a) Ken Paxton, in his official capacity as Texas Attorney General;
   (b) Ed Serna, in his official capacity as Executive Director of the Texas Workforce Commission;
   (c) Unknown Commissioner of the Texas Department of Licensing and Regulation;
   (d) Richard D. Wiles, in his official capacity as Sheriff of El Paso County, Texas; and,
   (e) Ricardo A. Samaniego, in his official capacity as County Judge of El Paso County, Texas.

4. **Counsel for the State Defendants**

Ken Paxton
Attorney General Of Texas

Brent Webster
First Assistant Attorney General

Grant Dorfman
Deputy First Assistant Attorney General

Shawn Cowles
Deputy Attorney General For Civil Litigation

Thomas A. Albright
Chief, General Litigation

Ryan G. Kercher
Assistant Attorney General

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
512-463-2101
Ryan.Kercher@oag.texas.gov

5. **Counsel for the County Defendants**

John "Jed" Untereker
Assistant County Attorney–Civil Division Chief
JUntereker@epcounty.com

Ruben G. Duarte
Assistant County Attorney
El Paso County Attorney's Office
500 E. San Antonio, Rm. 503
El Paso, Texas 79901
915-546-2050
915-546-2133
RDuarte@epcounty.com

6. **United States District Court**
   The Hon. Frank Montalvo, United States District Court-Western District of Texas, El Paso, Texas.

/s/ Eduardo N. Lerma, Sr.
Eduardo N. Lerma
SBOT No. 12221300
Attorney and Counselor at Law
1417 Montana Avenue
El Paso, Texas 79902
915-533-0177
ENL1417@aol.com
*Attorney for Plaintiff-Appellants*

# REQUEST FOR ORAL ARGUMENT

Plaintiff-Appellants, DC Operating, L.L.C., doing business as Dreams, Nuvia Heidi Medina, and Michelle Corral, collectively, "Appellants" respectfully request oral argument. Appellants believe oral argument will be useful to the Court because this appeal presents important constitutional challenges to a Texas State statute that implicates the constitutional rights of Appellants and other similarly situated adults under the First and Fourteenth Amendments of the U.S. Constitution, as well as the equivalent provisions of the Texas Constitution.

Appellants respectfully request oral argument to allow the parties an opportunity to set forth more fully their positions with respect to the important legal issues presented by this appeal, which effect fundamental freedoms under our Federal and State Constitutions.

# TABLE OF CONTENTS

Certificate of Interested Persons.................................................................... 1

Request for Oral Argument .......................................................................... 5

Table of Contents ........................................................................................ 6

Table of Authorities..................................................................................... 8

Statement of Jurisdiction............................................................................. 10

Issues Presented for Review ........................................................................ 11

       Issue One:  Under the Fourteenth Amendment of the U.S.
Constitution and art. I, section 19 of the Texas
Constitution, Appellants rights are violated because S.B.
315 is impermissibly vague and violates due process of
adult citizens from 18 to 20 years of age.

       Issue Two: Under the First Amendment of the U.S. Constitution
Appellants rights are violated because S.B. 315 is
overbroad since it prohibits the rights of citizens
between 18 to 20 years old from engaging in any form
of protected expression of erotic dance at any sexually
oriented business.

       Issue Three:  Appellant Medina and Corral's rights have been
violated under the Fourteenth Amendment's Equal
Protection Clause because S.B. 315 discriminates on the
basis of gender seeking to protect women from decision
making about their own employment.

Statement of the Case.................................................................................. 12

Summary of the Argument........................................................................... 22

Standard of Review ..................................................................................... 24

Argument..................................................................................................... 25

I.  Under the Fourteenth Amendment of the U.S. Constitution and art. I, section 19 of the Texas Constitution, Appellants rights are violated because S.B. 315 is impermissibly vague and violates due process of adult citizens from 18 to 20 years of age.

II. Under the First Amendment of the U.S. Constitution Appellants rights are violated because S.B. 315 is overbroad since it prohibits the rights of citizens between 18 to 20 years old from engaging in any form of protected expression of erotic dance at any sexually oriented business.

III. Appellant Medina and Corral's rights have been violated under the Fourteenth Amendment's Equal Protection Clause because S.B. 315 discriminates on the basis of gender seeking to protect women from decision making about their own employment.

Conclusion....................................................................................... 41

Certificate of Service...................................................................... 42

Certificate of Compliance .............................................................. 43

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002) ............................ 33

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................ 23

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................ 23

*Brantley v. Kuntz*, 98 F. Supp. 3d 884 (W.D. Tex. 2015) ............................ 29

*Broadrick v. Oklahoma*, 413 U.S. 601 (1973) ............................................. 35

*City of Chicago v. Morales*, 527 U.S. 41 (1999) ........................ 26, 31, 32, 35

*Collins v. Citv of Harker Heights*, 503 U.S. 115 (1992) .............................. 26

*Conn v. Gabbert*, 526 U.S. 286 (1999) ........................................ 28

*Coppage v. State of Kansas*, 236 U.S. 1 (1915) ........................................ 28

*Craig v. Boren*, 429 U.S. 190 (1976) ............................................. 39

*Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville*,
    *Davidson County, Tennessee*,
    274 F.3d 377 (6th Cir. 2001) ........................................ 34

*Doe I v. Landry*, 909 F.3d 99 (5th Cir. 2018) ............................................. 34

*Greene v. McElroy*, 360 U.S. 474 (1959) ........................................ 28

*Hersh v. U.S. ex rel. Mukasey*, 553 F.3d 743 (5th Cir. 2008) ..................... 31

*Hill v. Colorado*, 530 U.S. 703 (2000) ........................................ 26

*Int'l Soc'y for Krishna Consciousness v. Eaves*,
    601 F.2d 809 (5th Cir. 1979) ........................................ 26

*Leal v. McHugh*, 731 F.3d 405 (5th Cir. 2013) ........................................ 23

*Meyer v. Nebraska*, 262 U.S. 390 (1923) ........................................ 28

*Miss Univ. for Women v. Hogan*, 458 U.S. 718 (1982) ............................. 39

*Phelps Dodge Corp. v. N.L.R.B.*, 313 U.S. 177 (1941) ............................. 28

*Phillips v. Vandygriff*, 711 F.2d 1217 (5th Cir. 1983) ................................ 29

*U.S. v. Williams*, 553 U.S. 285 (2008) ........................................ 34

*Smith v. Thaler*, 526 Fed. Appx. 395 (5th Cir. 2013) ................................ 31

*Stidham v. Tex. Comm'n on Private Sec.*,
    418 F.3d 486 (5th Cir. 2005) ........................................ 28

*Truax v. Raich*, 239 U.S. 33 (1915) ........................................ 28, 29

*Turbomeca, S.A. v. Era Helicopters, LLC*,
    536 F.3d 351 (5th Cir. 2008) ........................................ 23

*Valadez v. Paxton*, 553 F. Supp. 3d 387 (W.D. Tex. 2021) ............. 13, 15, 16

*Virgina* v. Hicks, 539 U.S. 113 (2003) ........................................................ 34

*U.S. v. O'Brien*, 391 U.S. 367 (1968)………..……………….....…………34

**STATE CASES**

*Manuel v. Louisiana*, 692 So. 2d 320, 339 (La. Mar. 8, 1996) ................... 38

*Moore v. Sticks Billiards, Inc.*,
   1996 WL 400302, at *2
   (Tex. App.— Houston [14th Dist.] July 18, 1996) ................................. 25

*Patel v. Tex. Dep't of Licensing & Regulation*,
   469 S.W.3d 69, 86 (Tex. 2015) ............................................................. 27

**STATUTES**

Tex. Civ. Prac. & Rem. Code § 125.0015(a)(19) ........................................ 13

Tex. Civ. Prac. & Rem. Code § 125.0015(a)(22) ........................................ 14

Tex. Civ. Prac. & Rem. Code § 140A.002 .................................................. 14

Tex. Lab. Code § 51.016(b)) ........................................................................ 14

Tex. Loc. Gov't Code § 243.002 .................................................................. 13

Tex. Penal Code § 20A.02(a)(7)(J) .............................................................. 14

Tex. Penal Code § 43.251(a)(1)) .................................................................. 13

Tex. Penal Code at § 43.251(a)-(c) .............................................................. 14

Tex. S.B. 315, 87th Leg. R.S. (2021) .................................................. *passim*

**CONSTITUTIONAL PROVISIONS**

Tex. Const ............................................................................................ *passim*

U.S. Const. amend I .............................................................................. *passim*

U.S. Const. amend XIV ........................................................................ *passim*

# STATEMENT OF JURISDICTION

This is an appeal from an order dismissing Appellants causes of action seeking a preliminary injunction. The district court entered the Order on June 14, 2022. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1291.

Appellants are entitled to a preliminary injunction enjoining enforcement of Senate Bill 315 ("S.B. 315") because the law violates Appellants' constitutional rights.

**Issue One**:   Under the Fourteenth Amendment of the U.S. Constitution and art. I, section 19 of the Texas Constitution, Appellants rights are violated because S.B. 315 is impermissibly vague and violates due process of adult citizens from 18 to 20 years of age.

**Issue Two**:   Under the First Amendment of the U.S. Constitution Appellants rights are violated because S.B. 315 is overbroad since it prohibits the rights of citizens between 18 to 20 years old from engaging in any form of protected expression of erotic dance at any sexually oriented business.

**Issue Three**: Appellant Medina and Corral's rights have been violated under the Fourteenth Amendment's Equal Protection Clause because S.B. 315 discriminates on the basis of gender seeking to protect women from decision making about their own employment.

# STATEMENT OF THE CASE

## A.    *Procedural History of the Case.*

On December 13, 2021, Appellants filed their Original Petition for Declaratory and Injunctive Relief Under the Uniform Declaratory Judgment Act in a Texas State trial court.[1] In their Petition, Appellants alleged that S.B. 315 violates both the Texas and U.S. Constitution.[2] The state trial court issued a temporary restraining order.[3] Defendants-Appellee (collectively as "Appellees") filed a Notice to Remove to Federal Court,[4] and the matter was removed to the district court.  A temporary injunction hearing was held on January 20, 2022,[5] where the temporary restraining order was dissolved,[6] and the district court entered an Order denying Plaintiff's Request for a Preliminary Injunction, finding that the

---

[1] ROA.881; Order Granting Dismissal, June 14, 2022.

[2] ROA.881.

[3] ROA.227-234.

[4] ROA.881.

[5] *See* ROA.907-1007; Tr. Jan. 20, 2022.

[6] ROA.1004.

Appellants failed to establish a likelihood of success on the merits for each of their claims.[7]

Appellees filed their motion to dismiss.[8] The court denied Appellants Request for a Preliminary Injunction[9] and granted the Appellees Motion to Dismiss.[10]

Appellants subsequently filed their notice of appeal.[11]

**B. Statement of Facts.**

### I. Senate Bill 315

The 87th Texas Legislature enacted S.B. 315, effective May 24, 2021, which authored age-related amendments to provisions of the Texas Civil Practice and Remedies Code, Labor Code, and Penal Code.[12] S.B. 315 is styled as a law —

> "relating to restrictions on the age of persons employed by or allowed on the premises of a sexually oriented business; creating a criminal offense."[13]

---

[7] ROA.760.

[8] ROA.877-898.

[9] ROA.877-898.

[10] ROA.877-898.

[11] ROA.902.

[12] *See generally* Tex. S.B. 315, 87th Leg. R.S. (2021).

Texas law defines a sexually oriented business as any:

> "sex parlor, nude studio, modeling studio, love parlor, adult bookstore, adult movie theater, adult video arcade, adult movie arcade, adult video store, adult motel, or other commercial enterprise the primary business of which is the offering of a service or the selling, renting, or exhibiting of devices or any other items intended to provide sexual stimulation or sexual gratification to the customer."[14]

S.B. 315 amended various portions of existing Texas laws regarding minors and sexually oriented businesses. First, section 5 of S.B. 315 amended Chapter 125 of the Texas Civil Practice & Remedies Code making it a common nuisance to:

> "employ[ ] or enter[ ] into a contract for the performance of work or the provision of a service with an individual younger than 21 years of age for work or services performed at a sexually oriented business as defined by Section 243.002 of the Local Government Code."[15]

Second, section 8 of S.B. 315 amended Texas Penal Code section 43.25 by changing its definition of "child" to mean "a person younger than 21 years of

---

[13] Tex. S.B. 315, 87th Leg. R.S. (2021).

[14] Tex. Loc. Gov't Code § 243.002; *see also Valadez v. Paxton*, 553 F. Supp. 3d 387, 390 (W.D. Tex. 2021).

[15] Tex. S.B. 315, § 5, 87th Leg. R.S. (2021) (*amending* Tex. Civ. Prac. & Rem. Code § 125.0015(a)(19), (22)).

age."[16] As a result, a person who "employs, authorizes, or induces" someone under the age of 21 to work in or with a sexually oriented business is subject to felony charges.[17] This amendment affects laws that cross-reference section 43.251 of the Texas Penal Code, including the nuisance statute.[18] It also affects other provisions of the Penal Code, including Chapter 20A, which enumerates trafficking crimes.[19] Chapter 20A, in turn, is referenced in Chapter 140A of the Texas Civil Practice & Remedies Code.[20]

Finally, section 6 of S.B. 315 amended several provisions of Labor Code Chapter 51, which regulates "Employment of Children," to provide that

> "[a] sexually oriented business may not employ or enter into a contract, other than a contract described by Subsection (g), for the performance of work or the provision of a service with an individual younger than 21 years of age."[21]

---

[16] Tex. S.B. 315, § 8, 87th Leg. R.S. (2021) (*amending* Tex. Penal Code § 43.251(a)(1)).

[17] Tex. Penal Code at § 43.251(a)-(c).

[18] *See* Tex. Civ. Prac. & Rem. Code § 125.0015(a)(22).

[19] Tex. Penal Code § 20A.02(a)(7)(J).

[20] *See, e.g.*, Tex. Civ. Prac. & Rem. Code § 140A.002.

[21] Tex. S.B. 315, § 6, 87th Leg. R.S. (2021) (*amending* Tex. Lab. Code § 51.016(b)).

A violation of section 51.016(b) now constitutes a Class A misdemeanor subject to a one-year jail sentence, administrative penalties, or a suit for injunctive relief brought by the attorney general of Texas.[22] Texas justified S.B. 315 in terms of a need to "provide necessary mechanisms to safeguard our communities and children from trafficking and sexual exploitation, which are often harmful secondary effects of sexually oriented businesses."[23]

Appellees began enforcing S.B. 315, within El Paso County, and throughout Texas. A restraining order was issued by the state trial court on behalf of Appellants but was dissolved by the federal district court at the temporary injunction hearing.

## II. Appellants propound constitutional challenges to S.B. 315.

The Appellants in this matter are two women and the sexually oriented business, where they were employed. The two women lost their employment because of S.B. 315. Collectively, they filed their suit in a Texas court, and challenged the constitutionality of S.B. 315 because under the illusion of purportedly combating human trafficking, S.B. 315 infringes upon their freedom of

---

[22] Tex. S.B. 315, § 7, 87th Leg. R.S. (2021); *see also Valadez v. Paxton*, 553 F. Supp. 3d 387, 390 (W.D. Tex. 2021).

[23] Senate Research Center, Bill Analysis, Tex. S.B. 315, 87th Leg. R.S. (2021); *see also Valadez v. Paxton*, 553 F. Supp. 3d 387, 390 (W.D. Tex. 2021).

expression, due process to earn a living, and imposes unconstitutional gender-based restrictions on erotic dancers in El Paso County, Texas. The law prohibits and discriminates against adult women between ages 18 to 20 years-old from making their own decisions about how to express or employ themselves. Additionally, the law eliminates the labor or employment law protections under state and federal laws. Instead, S.B. 315 pushes exotic dancers into private or solo employment that is seriously more dangerous and makes them more susceptible to human trafficking.

### A.  Appellant DC Operating, LLC, d/b/a "Dreams"[24]

Appellant, DC Operating, LLC, d/b/a Dreams ("Dreams") is a non-alcohol, all-nude, adult cabaret entertainment club in El Paso, Texas.[25] Dreams qualifies as a sexually oriented business.[26]  Appellants Nuria Heidi Medina and Michelle Corral are exotic dancers under 21-years-old that were employed at Dreams.[27]

Roberto Sanchez is the manager of Dreams.  By affidavit, he testified that eighty percent of the dancers at Dreams are women, exotic dancers from 18 to 20

---

[24] ROA.80-81.

[25] ROA.880.

[26] *Id.*

[27] *Id.*

years of age. Dreams strictly enforces rules that ban anyone from engaging in violence, prostitution, drugs, or underage drinking. It has indoor and outdoor security cameras monitoring the premises. And, managers are always walking around and patrolling the premises to ensure there is no illegal activity. Additionally, they have safeguards for their dancers, and protect the dancers if they relay that a customer is abusive or inappropriate.

S.B. 315 had a grave, detrimental effect on the day-to-day operations of the business and attendance. Dreams suffered a profit loss in the last year. Additionally, Sanchez stated in his affidavit, that in the five (5) years he managed Dreams, he has never witnessed any type of human trafficking.

## B. Appellant Nuvia Heidi Medina

Appellant Nuvia Heidi Medina ("Medina") was 19 years old when she filed this suit and signed her affidavit in support of her suit.[28] She was 19 years old when she testified at the temporary injunction hearing.[29] She is a resident of El Paso, Texas, and stated she is solely responsible for meeting her financial obligations. She chose to make a living as an exotic dancer in the El Paso area.[30]

---

[28] Medina is now 21 years of age.

[29] ROA.945. Tr., Jan. 20, 2022.

[30] ROA.102.

She testified she feels exotic dancing is a form of expression using her body and ability to dance. Medina chose exotic dancing because it offered the highest income available and the ability to fully support herself to meet her financial obligations, and not depend on anyone else. It also provides her a freedom to determine her own schedule.[31] She testified no one forced her into this line of work, nor has anyone ever victimized her while working at Dreams.[32] Additionally, she has felt safe working at Dreams, where she chose to perform. Medina decided to become an Appellant in this case because she believed she and other women were put out of work discriminatorily and in violation of her guaranteed constitutional rights.[33]

### C. Appellant Michelle Corral

Appellant Michelle Corral ("Corral") was 19 years-old when she filed this suit and signed her affidavit in support of her suit.[34] She was 19 years-old when she testified at the temporary injunction hearing. She is a resident of El Paso, Texas, and like most other adults is completely responsible for paying her financial

---

[31] ROA.102.

[32] ROA.102.

[33] ROA.102.

[34] Corral is now 20 years of age; ROA.106.

obligations.  In February 2021, she decided to make a living as a dancer who performs at exotic dance clubs in the El Paso, Texas area. She chose to become an exotic dancer because it offered the highest income and makes on average about $600 per night.  This gives her the ability to fully support herself and to easily meet her financial obligations. She previously worked as a fast-food manger, and earned $9.25/hr., which made it very difficult to make ends meet.  She also testified she enjoys the fact she can use her appearance and ability to dance to make a good living.  Corral highly values the flexible scheduling the vocation allows, but understands this work is not for everyone. She has not run into a situation where she felt unsafe at the club but knows she has fellow employees who would take her seriously and immediately step-in to protect her if needed.  She chose to become an Appellant in this case because she believes if she is old enough to be evicted or sued for failing to pay rent, then she should have the right and freedom to continue earning a living as an exotic dancer.[35] Corral is no longer employed as an exotic dancer because S.B. 315 forced her out of work, as she is under 21 years of age.

_____

On February 17, 2022, the district court denied a preliminary injunction enjoining enforcement of S.B. 315.[36]  Appellees filed a Motion to Dismiss, which

_____

[35] ROA.107.

[36] ROA.760-782.

the district court granted.[37]  Appellants filed their Notice of Appeal, thereafter, based on vagueness and overbreadth grounds, and because it violates Appellants' First Amendment right to free and invidiously discriminates against them on the basis of gender.  And, S.B. 315 vitiates protections exotic dancers have under the labor code to a safe and protected work environment.

---

[37] ROA.877-898.

# SUMMARY OF THE ARGUMENT

This case is about whether the State of Texas ("State") may raise the minimum age for employment in businesses the legislature has deemed to be sexually oriented. Appellants challenge the constitutionality of S.B. 315. A recently enacted Texas law, S.B. 315, prohibits all working relationships of individuals between 18 to 20 years of age and sexually-oriented businesses in an effort to combat human trafficking.

Appellants assert the district court abused its discretion in dismissing their claim for injunction because S.B. 315 is unconstitutional under the First and Fourteenth Amendments to the U.S. Constitution, and the equivalent articles to the Texas Constitution:

1. Under the Fourteenth Amendment of the U.S. Constitution and art. I, section 19 of the Texas Constitution, Appellants rights are violated because S.B. 315 is impermissibly vague and violates due process of adult citizens from 18 to 20 years of age;

2. Under the First Amendment of the U.S. Constitution Appellants rights are violated because S.B. 315 is overbroad since it prohibits the rights of citizens between 18 to 20 years old from engaging in any form of protected expression of erotic dance at any sexually oriented business; and,

3. Appellant Medina and Corral's rights have been violated under the Fourteenth Amendment's Equal Protection Clause because S.B. 315 discriminates on the basis of gender seeking to protect women from decision making about their own employment.

This Court reviews a district court's order granting a motion to dismiss for failure to state a claim *de novo*.[38]  We view the well-pleaded facts in the light most favorable to the nonmoving party.[39]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[40] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [41]

---

[38] *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013).

[39] *Turbomeca, S.A. v. Era Helicopters, LLC*, 536 F.3d 351, 354 (5th Cir. 2008).

[40] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

[41] *Id.*

Appellants challenge the constitutionality of S.B. 315's age- related amendments to provisions of the Texas Civil Practice & Remedies Code, Texas Labor Code, and enacted Texas Penal Code. The law identifies people between ages of 18 to 20 years-old as categorically considered 'children,' and not competent to decide whether to work at or for any "sexually oriented business."[42] It further makes unlawful for any sexually oriented business to employ 18 to 20 year-olds in any capacity.[43] While this legislation was packaged with good intentions — combatting the scourge of human trafficking and protecting young adults from the evils of sexual exploitation — it employs constitutionally illegitimate means: depriving ordinary people of their occupational, associational, and expressive liberties secured to them under the Texas and U.S. Constitutions. S.B. 315 bears no rational relationship to its purported objectives and flies in the face of common sense. Texas law sets "[t]he age of majority… [at] 18 years," the age at which a person is free to buy and gift lotto tickets, sell alcohol, marry, enter into contracts, cast a ballot, fight and die for their country. At 17, individuals in

---

[42] Tex. S.B. 315, 87th Leg. R.S. (2021).

[43] Tex. S.B. 315, 87th Leg. R.S. (2021).

Texas are held responsible for their crimes.[44] In all respects, "an eighteen-year-old is an adult under the laws of this state and presumably capable of making adult decisions" — except, apparently, when it comes to where and with whom he or she decides to lawfully earn a living.[45] This Court must review S.B. 315's constitutionality under the protected right of freedom of speech, due process, and the policy purpose it purports—the requirements are unconstitutional and deprive adult citizens of their most basic right of determination and expression.

Accordingly, Appellants request the Court sustains its first point of error.

## I.  UNDER THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION AND ART. I, SECTION 19 OF THE TEXAS CONSTITUTION, APPELLANTS RIGHTS ARE VIOLATED BECAUSE S.B. 315 IS IMPERMISSIBLY VAGUE AND VIOLATES DUE PROCESS OF ADULT CITIZENS FROM 18 TO 20 YEARS OF AGE.

The district court erred when it dismissed Appellants' causes of action because S.B. 315 is unconstitutionally vague and overbroad in violation of the Fourteenth Amendment of the U.S. Constitution and the Texas constitutional

---

[44] See Tex. Civ. Prac. & Rem. Code § 129.001 (age of majority); Tex. Fam. Code § 2.101 (marry); Tex. Elec. Code § 11.002(a)(1), U.S. Const. amend. XXVI (vote); 50 U.S.C. §§ 453, 454 (selective service);Tex. Gov't Code § 466.3051(c) (lottery); Tex. Penal Code § 8.07(d) (death penalty); Tex. Alco. Bev. Code § 106.09 (serve alcohol).

[45] *Moore v. Sticks Billiards, Inc*., 14-93-01115-CV, 1996 WL 400302, at *2 (Tex. App.— Houston [14th Dist.] July 18, 1996, writ denied).

equivalent. A law is unconstitutionally vague when "people of common intelligence must necessarily guess at its meaning and differ as to its application,"[46] or where it "encourages arbitrary and discriminatory enforcement."[47] As the Supreme Court has noted, the doctrine of vagueness incorporates notions of fair notice or warning. Moreover, it requires legislatures to set reasonably clear guidelines for law enforcement officials and triers of fact in order to prevent arbitrary and discriminatory enforcement.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law."[48] The substantive component of the Due Process Clause "protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'"[49] Further, "[w]hen vagueness permeates the text of such a law, it is subject to facial attack" as violating due process.[50]

The Texas Constitution's analogous due course of law clause provides that

---

[46] *Int'l Soc'y for Krishna Consciousness v. Eaves*, 601 F.2d 809, 830 (5th Cir. 1979) (internal citations omitted).

[47] *Hill v. Colorado*, 530 U.S. 703, 732 (2000).

[48] U.S. CONST. amend XIV.

[49] *Collins v. Citv of Harker Heights*, 503 U.S. 115, 125 (1992).

[50] *City of Chicago v. Morales*, 527 U.S. 41, 55 (1999).

"[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."[51] "[T]he Texas due course of law protections in Article I § 19 align with the protections found in the Fourteenth Amendment to the United States Constitution."[52]

On its face and as-applied, S.B. 315's increased minimum age requirements violate the Appellants' substantive due process rights to enjoy the liberty of deciding where and how they wish to be employed, without arbitrary interference from the State. Under both state and federal constitutions, all individuals have a protectable liberty interest in pursuing an occupation of their choice. "Occupational freedom, the right to earn a living as one chooses, is a nontrivial constitutional right entitled to nontrivial judicial protection."[53] The Supreme Court has long recognized that the Fourteenth Amendment protects the rights of citizens to work where they want, earn their livelihood by any lawful calling, and to enter into necessary contracts: chief among such contracts is that of personal employment. If this right is struck down or arbitrarily interfered with, there is a substantial impairment of liberty in the long-established constitutional sense. The right is as

---

[51] Tex. Const. art. I, § 19.

[52] *Patel v. Tex. Dep't of Licensing & Regulation*, 469 S.W.3d 69, 86 (Tex. 2015).

[53] *Patel*, 469 S.W.3d at 123 (Willett, J., concurring).

essential to the laborer as to the capitalist, to the poor as to the rich; for the vast majority of persons have no other honest way to begin to acquire property, save by working for money.[54] The right to pursue a lawful calling "free from unreasonable governmental interference" is guaranteed under the Constitution because it is "objectively, deeply rooted in this Nation's history and tradition."[55] The Fifth Circuit has not deviated from these precepts; it has also "confirmed the principle that one has a constitutionally protected liberty interest in pursuing a chosen occupation."[56] "It requires no argument to show that the right to work for a living in the common occupations of the community is of the very essence of the personal freedom and opportunity that it was the purpose of the [Fourteenth] Amendment to secure."[57]

---

[54] *Coppage v. State of Kansas*, 236 U.S. 1, 14 (1915), overruled in part by *Phelps Dodge Corp. v. N.L.R.B.*, 313 U.S. 177 (1941); *see also Truax v. Raich*, 239 U.S. 33, 41 (1915)."[T]his liberty may not be interfered with, under the guise of protecting the public interest, by legislative action which is arbitrary or without reasonable relation to some purpose within the competency of the state to effect;" *Meyer v. Nebraska*, 262 U.S. 390, 399-400 (1923).

[55] *Greene v. McElroy*, 360 U.S. 474, 492 (1959); *see also Conn v. Gabbert*, 526 U.S. 286, 291-92 (1999).

[56] *Stidham v. Tex. Comm'n on Private Sec.*, 418 F.3d 486, 491 (5th Cir. 2005) (citations omitted).

[57] *Phillips v. Vandygriff*, 711 F.2d 1217, 1222 (5th Cir. 1983) (*quoting Truax*, 239 U.S. at 41); *see also Brantley v. Kuntz*, 98 F. Supp. 3d 884, 889–90 (W.D. Tex. 2015) ("The liberty protected by substantive due process encompasses an individual's freedom to pursue his or her chosen profession").

In the present case, the district court outlined that the Fourteenth Amendment provides a "constitutionally protective liberty interest in perusing a chosen occupation[58] … which is nevertheless subject to a reasonable government regulation."[59]  The district court relies upon the testimony of Ms. Foos Pierce, a witness for the Appellees during the Temporary Injunction hearing held January 20, 2022, Ms. Foos Pierce is the Division Chief of the Texas Attorney General's Human Trafficking and Transnational Organized Crime Unit. She testified about the State Legislature's belief that the passage of S.B. 315 would aid the State in combatting human trafficking.  Ms. Pierce's testimony was cursory — she briefly described "red flags" to identify human trafficking. But, there still remains the possibility of human trafficking happening to a person above 21 years of age.  As, she testified:

> "And so as people get older, they do mature. And there is a difference between -- there is no magic switch that happens in my experience, at least, with a child the day that he or she turns 18, that now they are suddenly mature and have all the answers and have a stable income. I wish that that happened, but it doesn't. And so the task force collectively decided that by raising the age to 21 -- based on our experience, most -- most of the people who were being recruited out of strip clubs by pimps were between the ages of 18 and 20, or they were

---

[58] ROA.895.

[59] ROA.895.

underage."[60]

S.B. 315 creates an arbitrary maturity age at 21. Ms. Pierce's testimony elucidates there is no magic switch that creates maturity, but the task force collectively decided 21 would be that age. Such a law nullifies the right, ability, and capacity of every 18, 19, or 20-year-old Texan to choose whether he or she wants to engage in an economic relationship with a sexually oriented business. The court's reliance on her testimony to determine that the restriction of age is rationally related to the human trafficking interest for all types of work in a sexually oriented business is overbroad. S.B. 315's amendments to the Texas Labor Code and Civil Practice and Remedies Code are vague because they fail to specify what "work" or "services" may or may not be provided by an individual between 18 to 20 years of age, who may want to earn money from a sexually oriented business. Ms. Pierce is only addressing dancers or "girls" in her testimony, not cashiers, bouncers, wait staff or janitorial staff. Not all jobs in a sexually oriented business lead to human trafficking, thus, the testimony leaves unanswered the question if any employment is available to an 18, 19, 20-year-old in a sexually oriented business, aside from dancing.

The net effect is that the plain language of these amended laws now sweep a vast amount of lawful conduct, economic relationships, and constitutionally

---

[60] ROA.982; Tr., Jan. 20, 2022.

protected activities into their ambit.[61] They make it illegal for a strip club to hire any 18 to 20-year-old individual like Medina and Corral to perform any work or provide any service, like exotic dancing, provide security, wash the dishes, sweep the floor, paint the exterior, stock food and beverages, or perform accounting services at a remote office. Here, the State has criminalized all forms of work that an 18 to 20-year-old may be employed — regardless of the nature of his or her work.

If these laws mean what they say— that no "child" under the age of 21 may by hired or contracted to provide any kind of consensual and lawful work or service at sexually oriented business in any circumstance — they suffer from unconstitutional overbreadth.[62] Such denial of the right to work yields a completely irrational and arbitrary result. Appellants Medina and Corral seek to engage in the constitutionally protected expression of erotic dance, but S.B. 315 indisputably places ill-contrived restrictions on their ability to do so. S.B. 315 has entirely prohibited Medina and Corral from engaging in the protected expression of erotic dance. They are "entitled to fair warning as to what conduct the ordinance seeks to

---

[61] *Morales*, 527 U.S. at 60.

[62] *See Smith v. Thaler*, 526 Fed. Appx. 395, 403 (5th Cir. 2013); *Hersh v. U.S. ex rel. Mukasey*, 553 F.3d 743, 762, n. 23 (5th Cir. 2008) (recognizing that "[i]n cases that do not involve First Amendment claims, a statute is overbroad if it is 'unconstitutional in all of its applications'") (citation omitted).

protect."[63] S.B. 315 does not provide the required "fair warning," but instead, invites arbitrary and discriminatory enforcement.

Accordingly, Appellants request the Court sustain its first point of error.

### 2. UNDER THE FIRST AMENDMENT OF THE U.S. CONSTITUTION APPELLANTS RIGHTS ARE VIOLATED BECAUSE S.B. 315 IS OVERBROAD SINCE IT PROHIBITS THE RIGHTS OF CITIZENS BETWEEN 18 TO 20 YEARS OLD FROM ENGAGING IN ANY FORM OF PROTECTED EXPRESSION OF EROTIC DANCE AT ANY SEXUALLY ORIENTED BUSINESS.

In its order, the district court found that nude dancing performed for entertainment is expressive conduct protected by the First Amendment.[64] Thus, the district court held that the nude dancing involved in the present case is protected under the First Amendment. The court reasoned:

> "A party invoking the First Amendment's protection has the burden of proving it applies. To determine whether an individual is entitled to First Amendment protection, the court "must first determine whether [the conduct at issue] constituted expressive conduct, permitting" invocation of the First Amendment. If the conduct was expressive, the court "next decide[s] whether the State's regulation is related to the suppression of free expression." If the State's regulation is not related to expression, the *O'Brien* test controls. If the regulation is expressive, the

---

[63] *Morales*, 527 U.S. at 60.

[64] ROA.889.

court must review the challenged law under 'a more demanding standard.'"[65]

The district court held *O'Brien*[66] was satisfied and S.B. 315 is not constitutionally overbroad.

Here, the district court erred, and the ruling must be reversed. "The overbreath doctrine prohibits the Government from banning unprotected speech if a substantial amount of protected speech is prohibited or chilled in the process. [67] A statute may be struck down as facially overbroad where there exists "a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court. As the Supreme Court has expressly recognized, where a law "punishes a substantial amount of protected free speech, judged in relation to the statute's plainly legitimate sweep," a court may inhibit "all enforcement of that law, until and unless a limiting construction or partial invalidation so narrows it as to remove the seeming threat or deterrence to constitutionally protected expression."[68] In making overbreadth determinations,

---

[65] ROA.888.

[66] *U.S. v. O'Brien*, 391 U.S. 367 (1968).

[67] *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 237 (2002).

[68] *Virgina* v. Hicks, 539 U.S. 113, 118-119 (2003).

courts consider whether the challenged law regulates constitutionally-protected conduct. [69]

"[T]he government cannot prohibit compensation for the exercise of First Amendment rights."[70] S.B. 315 does just that. Here appellants cannot earn money by performing any kind of dance, exotic or not, nude, semi-nude, or fully clothed, at any sexually oriented business, including a non-alcoholic beverage establishment.

S.B. 315 does not address non-alcoholic, fully nude establishments. Unlike the Louisiana statute addressed in *Doe I v. Landry*,[71] which banned nude dancing performed by women under the age of 21 at alcohol-licensed strip clubs, S.B. 315 totally prohibits the rights of all people between 18 and 20 years of age from engaging in any form of expression *via* employment or contract at a sexually oriented business. Indeed, S.B. 315 cannot even be likened to a time, place, manner restriction because it bans all individuals between 18 to 20 years from working at a sexually oriented business at any time, in any place, and in any manner.

---

[69] *See U.S. v. Williams*, 553 U.S. 285, 298-99 (2008) (considering overbreadth challenge and holding "that offers to provide or requests to obtain child pornography are categorically excluded from the First Amendment").

[70] *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County, Tennessee*, 274 F.3d 377, 397 (6th Cir. 2001).

[71] *Doe I v. Landry*, 909 F.3d 99 (5th Cir. 2018).

The overbreadth doctrine "permits the facial invalidation of laws that inhibit the exercise of First Amendment rights if the impermissible applications of the law are substantial when judged in relation to the statute's plainly legitimate sweep."[72] [P]articularly where conduct and not merely speech is involved…the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep.[73]

In the present case, it is impossible to compare S.B. 315's legitimate and illegitimate sweep because its sweep is total: all 18 to 20 year-old men and women and all sexually oriented business are denied the right to partake in any kind of economic relationship involving all forms of free expression and liberty. Nineteen-year-old persons, like Medina and Corral, cannot perform expressive, protected speech, exotic dancing at Dreams. And, the sexually oriented business is subject to potential criminal actions. Medina and Corral were forced to stop working, although they are guaranteed a protected right to nude dancing.

In its order, the district court held that *O'Brien* is satisfied. Even where a statute is rooted in a "plainly legitimate" and compelling state interest, the legislature must not encroach on protected speech or expression. Here, S.B. 315

---

[72] *City of Chicago v. Morales*, 527 U.S. 41, 52 (1999) (*quoting Broadrick v. Oklahoma*, 413 U.S. 601, 612-615 (1973)).

[73] *Id.*

aims to stop human trafficking and regulate erotic dance at a sexually oriented business. Appellant Medina and Corral have a right to dance at the sexually oriented business under the First Amendment. The State has not and cannot present any evidence that the age restrictions in S.B. 315 will alleviate the harm of human trafficking in a direct and material way. Suppressing the protected expression of erotic dancers for 18 to 20 year-old women is a violation of their constitutional rights. S.B. 315 is neither "narrowly tailored" nor the "least restrictive means" of achieving the State's purported goal of reducing human trafficking. S.B. 315 is an unconstitutional, content-based restriction on protected expression.

The State can point to no evidence — let alone substantial evidence — that human trafficking is a secondary effect of adults between 18 to 20 year old engaging in erotic dancing. To satisfy its burden, the State must show not simply that human trafficking is a secondary effect of erotic dancing, but that its method of addressing human trafficking through age restrictions on erotic dancers directly furthers its interest in reducing human trafficking. The district court did not review evidence linking any alleged secondary effects of human trafficking to erotic dancing generally, much less linking any evidence of those effects to erotic dancing by adult women ages 18, 19, 20. The State's invocation of the scourge of human trafficking was a means to ban Appellants protected conduct, whereby S.B. 315 destroys the most rudimentary constitutional safeguards.

Accordingly, Appellants request the Court sustain its second point of error.

### 3. APPELLANT MEDINA AND CORRAL'S RIGHTS HAVE BEEN VIOLATED UNDER THE FOURTEENTH AMENDMENT'S EQUAL PROTECTION CLAUSE BECAUSE S.B. 315 DISCRIMINATES ON THE BASIS OF GENDER SEEKING TO PROTECT WOMEN FROM DECISION MAKING ABOUT THEIR OWN EMPLOYMENT.

In its ruling, the district court stated S.B. 315 does not violate Medina or Corral's Equal Protection Clause rights. [74] Appellants raised their Equal Protection rights before the court, but the court held "Texas' interest in keeping young people away from the human trafficking effect of sexually oriented business is rationally related to its interest in combating human trafficking; and is deferential to a State's chosen efforts to confront a stated interest." Relying again on Ms. Foos Pierce testimony, the district court found that Apellants did not show that their right to work at a sexually-oriented business is a fundamental right.[75]

The district court's ruling is erroneous because the Fourteenth Amendment to the U.S. Constitution states that "[n]o state shall ... deny to any person within its jurisdiction the no equal protection of the laws."[76] Additionally, the Texas

---

[74] ROA.893.

[75] ROA.893.

[76] U.S. Const. amend. XIV; *Manuel v. Louisiana*, 95-1289, 692 So. 2d 320, 339 (La. Mar. 8, 1996).

Constitution, states under section 3a that equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin.

S.B. 315 arbitrarily discriminates against Appellants' on the basis of their gender, it is unconstitutional under both the U.S. and Texas Constitutions. The U.S. Supreme Court established that laws discriminating on the basis of gender are subject to "intermediate scrutiny" under the Fourteenth Amendment to the U.S. Constitution, and that such laws "must serve important governmental objectives and must be substantially related to achievement of those objectives."[77]

The Supreme Court cautioned that in assessing whether a law discriminates on the basis of gender, "[c]are must be taken in ascertaining whether the statutory objective itself reflects archaic and stereotypic notions ... [and] if the statutory objective is to exclude or 'protect' members of one gender because they are presumed to suffer from an inherent handicap or to be innately inferior, the objective itself is illegitimate."[78] Here, under the guise of protecting against human trafficking, the State appears to justify its discrimination on the basis that women

---

[77] Texas Court follow the same scrutiny review.

[78] *Miss Univ. for Women v. Hogan*, 458 U.S. 718, 725 (1982).

need more state-imposed "protection" than men.[79] The Fourteenth Amendment's Equal Protection Clause expressly forbids such rationale.

In the present case, S.B. 315 forbids women from working, as the absolute majority of exotic dancers are women. The law has a disparate impact on women. The law is without any justification that such gender discrimination furthers a substantial government objective. S.B. 315 does not address this matter. The governmental attempt to regulate the behavior of women, and place a greater restriction on women, when the majority of exotic dancers are women, is a violation of the Equal Protection Clause.

The real-world application, in fact, would most likely do the opposite. Instead of the safeguards of Texas labor regulations, a workforce code, and criminal code, 18 to 20 year-old exotic dancers will now be forced to work for private showings or parties, where they will have no labor protections, manager, security cameras, or other fellow dancers. The susceptibility for a woman to go to a stranger's house for a private exotic dance lends itself more to the dangers of human trafficking, sexual assault, or not being paid. Essentially, S.B. 315 fails to promote the interests, rights, and privileges of persons eligible for employment in Texas.

---

[79] *Craig v. Boren*, 429 U.S. 190, 197 (1976)

## CONCLUSION

This Court must review *de novo* the district court's ruling to dismiss Appellants causes of action that bear directly on constitutional guarantees. Appellees did not establish they were entitled to a dismissal for failure to state a claim, when Appellants demonstrated that a preliminary injunction enjoining enforcement of S.B. 315 was necessary because it fails to promote the interest, rights, and privileges of persons eligible for employment in Texas. The real-world effect of S.B. 315 has put hundreds of young Texans out of work. The Appellants have a right to work, a right to free speech, a right to due process, and a right to the protections under the U.S. and Texas Constitutions. And, law vitiates protections the dancers have under the labor code to a safe and protected work environment.

The district court's ruling to dismiss should be reversed and remanded.

Respectfully submitted,

EDUARDO N. LERMA, SR., ESQ.
*Attorney for Plaintiffs-Appellants*
SBOT No. 12221300

1417 Montana Avenue
El Paso, Texas 79902

(915) 533-0177
Enl1417@aol.com

 /s/ Eduardo N. Lerma, Sr.
**Eduardo N. Lerma Sr.**
*Attorney for Plaintiff-Appellants*

## CERTIFICATE OF SERVICE

I, Eduardo N. Lerma, certify that today, December 28, 2022, a copy of the Brief for Appellants, a copy of the Record Excerpts, and the Official Record in this case, consisting of 3 volume of the pleadings, 1 volumes of transcript, no volumes of supplemental records or envelopes of exhibits, were electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing and serve with a copy of this document electronically, *via* the Court's electronic system, to all interested parties to their Designated Counsel.

**Counsel for the State Defendant-Appellees:**
Ryan G. Kercher
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
512-463-2101
Ryan.Kercher@oag.texas.gov

**Counsel for the County Defendants-Appellees**
John "Jed" Untereker
Assistant County Attorney – Civil Division Chief
JUntereker@epcounty.com

Ruben G. Duarte
Assistant County Attorney
El Paso County Attorney's Office
500 E. San Antonio, Rm. 503
El Paso, Texas 79901
915-546-2050
915-546-2133
RDuarte@epcounty.com

/s/ Eduardo N. Lerma, Sr.
**Eduardo N. Lerma Sr.**
SBOT No. 12221300
*Attorney for Plaintiff-Appellants*

## CERTIFICATE OF COMPLIANCE

Pursuant to 5th Cir. R. 32.2.7(c), undersigned counsel certifies that this brief complies with the type-volume limitations of 5th Cir. R. 32.2.7(b).

1.     Exclusive of the portions exempted by 5th Cir. R. 32.2.7(b)(3), this brief contains 6159 words printed in a proportionally spaced typeface.

2.     This brief is printed in a proportionally spaced, serif typeface using Times New Roman 14-point font in text and Times New Roman 14 point font in footnotes produced by Microsoft Office Word software.

3.     Upon request, undersigned counsel will provide an electronic version of this brief and/or a copy of the word printout to the Court.

4.     Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in 5th Cir. R. 32.2.7, may result in the Court's striking this brief and imposing sanctions against the person who signed it.

/s/ Eduardo N. Lerma, Sr.
**Eduardo N. Lerma Sr.**
SBOT No. 12221300
*Attorney for Plaintiff-Appellants*